*Orders Granting Oral Argument in Cases Pending on Application for Leave to Appeal May 29, 2009:*

SMITH V ANSARA RESTAURANT GROUP, INC, No. 137164. We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). The parties shall submit supplemental briefs within 42 days of the date of this order limited to addressing whether and how defendant breached its duty of reasonable care, whether that breach was a proximate cause of the injuries to Morgan Smith, and the significance of the presence of Morgan's parents and their actions in assessing plaintiff's negligence claim. Court of Appeals No. 283826.

*Summary Disposition May 29, 2009:*

PEOPLE V COOK, No. 137691. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for consideration, as on leave granted, of whether 25 points were properly assessed for offense variable 13 (MCL 777.43), and whether the trial court satisfied the provisions of MCL 767.61a when, without objection by the defendant, it reviewed documents but did not call witnesses in determining that the defendant was a sexually delinquent person. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. Court of Appeals No. 287411.

WEAVER, J. I would not remand this case because I am not persuaded that this Court should take action, particularly where it appears that the second issue was not even preserved for appeal.

YOUNG, J. I join the statement of Justice WEAVER.

WILCOXSON-BEY V PROVIDENCE HOSPITAL & MEDICAL CENTERS, INC, No. 138033. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and reinstate the Wayne Circuit Court's order denying the defendant's motion for summary disposition with regard to causation. When the record is reviewed in its entirety, there was sufficient evidence presented to demonstrate that daily fetal monitoring is effective in the vast majority of cases in detecting cord compression and fetal distress—which are events that precede cord occlusion and that signal the need for intervention to prevent injury. The actual timing of the occlusion itself is not relevant to the question of whether it is more likely than not that daily fetal monitoring would have discovered cord compression and fetal distress. We therefore remand this case to the Court of Appeals for consideration of the other issues raised by the defendant that were not addressed in its opinion. Court of Appeals No. 279146.

CORRIGAN, J. I would grant leave to appeal or hold oral argument on the application.